USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/29/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jeanette Y. Brown,

                Appellant,

–v–

Deborah J. Piazza,

                Appellee.

21-cv-2326 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

       The Court on July 16, 2021, dismissed this appeal of a bankruptcy order entered in case number 19-BK-12447 because the Appellant, Jeannette Brown, failed to timely pay the filing fee required by 28 U.S.C. § 1930 and to timely file the designation of items to be included in the record and the statement of issues to be presented required by Federal Rule of Bankruptcy Procedure 8009.  Dkt. No. 3.

       On October 12, 2021, after receiving a request from Ms. Brown to reopen the appeal, the Court observed that Ms. Brown had paid the filing fee soon after she learned that the appeal had been dismissed.  Dkt. No. 5 at 1.  It ordered the Appellee, Deborah Piazza, to file any response to Ms. Brown's letter by October 22, 2021.  *Id.* at 2.  And it ordered Ms. Brown to file a letter by October 29, 2021, indicating whether, if the Court granter her motion to reopen, she intended to proceed with the appeal given the limited issues that Ms. Brown would be permitted to raise.  *Id.*  The Court has not received a response from Ms. Piazza.  But Ms. Brown has timely submitted a letter to the Court stating her "intention to proceed with said appeal."  Dkt. No. 6.

       The Court exercises its discretion to reopen Ms. Brown's appeal.  *See In re Harris*, 464

F.3d 263, 268 (2d Cir. 2006); *e.g.*, *Smith v. Nagle House, Inc.*, No. 05-CIV-5129 (VM), 2005 WL 1773765, at *1 (S.D.N.Y. July 25, 2005). Dismissal of an appeal is a "harsh sanction," one that is not warranted here where a pro se appellant has acted with diligence and in good faith to pursue her appeal and the appellee has not raised any prejudice. *In re Harris*, 464 F.3d at 272; *see* Dkt. Nos. 4, 5.

In addition to paying the filing fee, however, Ms. Brown must also now comply with the requirements of Federal Rule of Bankruptcy Procedure 8009. Relevant here, Rule 8009 provides as follows:

> (A) The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.
>
> (B) The appellant must file and serve the designation and statement within 14 days after:
>
> (i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or
>
> (ii) an order granting leave to appeal is entered.

Fed. R. Bankr. P. 8009(a)(1).

"Filing a Designation and Statement is mandatory." *In re Lynch*, 430 F.3d 600, 603 (2d Cir. 2005). But the Court again exercises its discretion to accept a late filing because Ms. Brown's failure to comply with Rule 8009 "was the result of excusable neglect." *Id.* (quoting Fed. R. Bankr. P. 9006(b)(1)); *see In re Tampa Chain Co., Inc.*, 835 F.2d 54, 55 (2d Cir. 1987) ("The time limitations imposed by Rule 8009 are not jurisdictional . . . ."). The Court orders Ms. Brown to file a Designation and Statement that complies with the above requirements by November 19, 2021.

Provided that Ms. Brown complies with that deadline, this appeal may proceed. Ms. Brown shall file the Appellant's opening brief by December 17, 2021. The Appellee's response

is due by January 14, 2022.  The Appellant's reply brief is due by January 28, 2022.

The Court reminds Ms. Brown of the limits on the issues that she may raise in briefs as explained in the Court's prior orders dated October 6 and October 12, 2021, both of which were previously mailed to her.  Dkt. Nos. 4, 5.

The Court also wishes to remind Ms. Brown that a legal clinic opened in this District to assist people who are parties in civil cases and do not have lawyers.  The Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the Pro Se Intake Unit).  During the COVID-19 pandemic, an unrepresented party can make an appointment by completing the intake form available online at https://www.nysd.uscourts.gov/attorney/legal-assistance or by calling 212-659-6190.

The Clerk's office is respectfully directed to mail a copy of this order to Jeanette Y. Brown and note the mailing on the public docket.

SO ORDERED.

Dated: October 29, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge