December 17, 2021

Jeanette Y. Brown
15 S. 1st Avenue, #281
Mt. Vernon, New York 10550
(914) 314-8410
Thevine28@gmail.com

        Re: Jeanette Y. Brown vs. Deborah J. Piazza
          In The United States District Court for
            Case No. 1-21-CV-02326 AJN

Dear Judge Alison J. Nathan,

The best of the holiday season to you. Enclosed herewith, is my Pro Se Brief requesting the Court's attention to the matter of Trustees expungement and denial of my Religious Liberties.

Thank you in advance for your consideration of this matter. God bless you richly.

Sincerely,

Jeanette Y. Brown

RECEIVED SDNY PRO SE OFFICE 2021 DEC 17 PM 1:54

UNITED STATES DISTRICT COURT
Southern District of New York

Case Name: in Re: Bronx Miracle Gospel Tabernacle
Word of Faith Ministries, Inc.

Case Number: 1-21-CV 02326AJN

Jeanette Y. Brown

Appellant

vs.

Deborah J. Piazza

Appellee

**APPELLANT'S OPENING BRIEF**

12/2021

## Introduction:

Appellant Jeanette Y. Brown of Bronx Miracle Gospel Tabernacle Word of Faith Ministries respectfully submitted this brief in opposition to the Order of Expunging Claims of Minster Jeanette Y. Brown, Dated, February 3, 2021, issued by Hon. Stuart M. Bernstein.

This action (expungement) was taken in a manner that did not provide me with due process, violated my First Amendment rights, and severely restricted my Religious Rights as guaranteed under the Religious Freedom Act.

At no time was a true and verifiable method being proposed, introduced, or undertaken to fully understand my fundamental and religious rights.

From the initial introduction of the Trustee (Appellee) to the Ministry, Bronx Miracle Gospel Tabernacle, Word of Faith Ministries; the basic intent was to attack the leadership, and I; due to my refusal to accept their questionable actions became a "target" for their vengeful act without consideration of my rights.

## Statement of Facts

In consideration of this matter, the following facts are being presented to the Court for its consideration:

- The reason presented by the Trustee to the court leading to the Order of Expunging was arbitrary and capricious.

- Court did not allow me an opportunity to expound on my reasons for refusal of the Trustee's request for a password to computers that held Church and congregants' personal records.

- That my decision was guided primarily by long held moral and spiritual reasons and the burden on my conscience was my guide.
- The Court did not take into consideration that the Trustee made no effort to facilitate my presence prior to seizure and breaking into both the Ministry and my personal computers. Thereby, egregiously implementing utter disregard for my constitutional rights or civil liberties.

- The Court did not take into consideration that all my decisions are firmly based on the theological teachings and the Oath Sworn before God.

- The Court did not take into consideration that I, Jeanette Y. Brown; was used as a pawn in the efforts of the Trustee to embarrass and penalize the Ministry. A grave violation without due process.

The Court in agreement with the Trustee (Appellee), by decision created a situation that directly besmirched and damage my reputation among my fellow congregants and peers in ministry.

## Arguments of Law

### Denial Of My Rights to Due Process and Just Compensation

While Bankruptcy Court has certain jurisdiction, it cannot deprive any person of life, liberty or property without due process or take property without just compensation.

The Court did not grant me due process, the ability to directly present to the Court, reasons for my decision.

The Court, by its Order of Expunging, thereby denying me the right for compensation in the amount of Twenty-Seven Thousand Dollars ($27,000.00) took away property owed to me.

### Denial of Right to Freely Exercise My Religion

**The First Amendment states; "prohibiting the free exercise thereof"** as it applies to establishment of Religion.

The Court's action prohibited me from free exercise of my religion by its refusal to accept that my refusal to accede to the Trustee's demands was based totally on my deeply held Religious Views.

### Violation of My Religious Rights Under the Religious Freedom Restoration Act.

Courts, including Bankruptcy Court must use strict scrutiny regarding actions that affect Religious Freedom. There must be a compelling interest.

Appellant, (Jeanette Y. Brown) Religious Rights were violated through the actions taken by the Trustee and Court.

By violating my Religious Convictions and beliefs, by removal of files (from locked cabinets), not part of any stated or mandated court decision, items were taken that were prepared and consecrated for use in performance during Religious Services as part of my ministerial duties.

Regarding the matter of my Religious Beliefs and practices, the Trustee and Legal Counsel's constant statements of derision and contempt were personally damaging and contemptable.

## Conclusion

The Appellant respectfully asks that the Court consider the proceeding, with particular attention to be given to the violation of **Free Exercise of Religion** as outlined in the First Amendment. Over-reach of the Bankruptcy Court in expunging my property, namely, salary accumulated over two decades of dedicated work to the Ministry, **and denial and mockery of my Religious Rights** guaranteed under the Religious Freedom Restoration Act.

The Appellant, (Jeanette Y. Brown) asks that the District Court dismiss and deny the Motion to Expunge the claim of Jeanette Y. Brown.

Jeanette Y. Brown
Pro Se - Appellant