# No. 1:21-cv-02326 (AJN)

IN THE

# United States District Court

FOR THE SOUTHERN DISTRICT OF NEW YORK

In re BRONX MIRACLE GOSPEL TABERNACLE WORD OF FAITH
MINISTRIES, INC. a/k/a BRONX MIRACLE GOSPEL TABERNACLE, INC.
(Chapter 11 Case No. 19-12447) (DSJ) (Bankr. S.D.N.Y.)

JEANETTE Y. BROWN,

*Appellant,*

v.

DEBORAH J. PIAZZA,

*Appellee.*

*On Appeal from the United States Bankruptcy Court*
*For the Southern District of New York*

## BRIEF FOR APPELLEE

Scott S. Markowitz, Esq.
Jill Makower, Esq.
TARTER KRINSKY & DROGIN LLP
1350 Broadway, 11th Floor
New York, New York 10018
Phone: (212) 216-8000
Fax: (212) 216-8001
smarkowitz@tarterkrinsky.com
jmakower@tarterkrinsky.com

*Attorneys for Appellee*
*Deborah J. Piazza, as Chapter 11 Trustee*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................1

JURISDICTION.................................................................................................2

STANDARD OF APPELLATE REVIEW..............................................................2

STATEMENT OF THE CASE............................................................................3

STATEMENT OF FACTS ................................................................................6

ARGUMENT .................................................................................................20

CONCLUSION ..............................................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

Ceraso v. Motiva Enters., LLC,
  326 F.3d 303 (2d Cir.2003) .................................................................3

In re Ciena Cap. LLC,
  440 B.R. 47 (S.D.N.Y. 2010) ....................................................2, 3, 23

Creamer v. Motors Liquidation Co. GUC Tr. (In re Motors
  Liquidation Co.),
  No. 12 Civ. 6074(RJS), 2013 WL 5549643 (S.D.N.Y. Sept. 26,
  2013) .........................................................................................21

In re Eljay Jrs., Inc.,
  123 B.R. 961 (S.D.N.Y.1991) ..............................................................2

Midland Cogeneration Venture L.P. v. Enron Corp. (In re Enron
  Corp.),
  419 F.3d 115 (2d Cir.2005) ...............................................................16

In re Oneida Ltd.,
  400 B.R. 384 (Bankr. S.D.N.Y. 2009)...............................................21

In re Residential Cap., LLC,
  No. 12-12020 (MG), 2014 WL 539688 (Bankr. S.D.N.Y. Feb. 6,
  2014) .........................................................................................21

Sherman v. Novak (In re Reilly),
  245 B.R. 768 (2d Cir. BAP 2000) .....................................................21

Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.,
  549 U.S. 443, 127 S. Ct. 1199, 167 L. Ed. 2d 178 (2007) .................22

In re Vivaro Corp.,
  541 B.R. 144 (Bankr. S.D.N.Y. 2015).................................................21

**Statutes**

11 U.S.C. § 323 ............................................................................................8, 20

11 U.S.C. § 502 ..........................................................................................11, 20

11 U.S.C. § 502(a) ...........................................................................................20

11 U.S.C. § 502(b) .............................................................................20, 21, 22

11 U.S.C. § 521 ..............................................................................................7, 10

11 U.S.C. § 521(l) .............................................................................................20

11 U.S.C. § 541(a) ..............................................................................................9

11 U.S.C. § 542(e) ............................................................................................10

11 U.S.C. § 1104(a)(1) .......................................................................................7

11 U.S.C. § 1104(a)(2) .......................................................................................7

11 U.S.C. § 1106(a)(1) .......................................................................................4

11 U.S.C. § 1106(a)(3) .......................................................................................9

11 U.S.C. § 1107 .................................................................................................3

11 U.S.C. § 1108 .................................................................................................3

28 U.S.C. § 157(b)(1) .........................................................................................2

28 U.S.C. § 157(b)(2)(B) ....................................................................................2

28 U.S.C. § 158(a) ..............................................................................................2

28 U.S.C. § 1334 .................................................................................................2

Internal Revenue Code section 501(c)(3) ........................................................6

Religious Corporations Law Article 10 ............................................................6

**Rules**

Fed. R. Bankr.P. 1007 ...................................................................7

Fed. R. Bankr.P. 2004 ...................................................9, 10, 14, 19

Fed. R. Bankr.P. 3003(b)(1).........................................................20

Fed. R. Bankr.P. 3007................................................................20

Fed. R. Bankr.P. 3007(c) ............................................................11

Fed. R. Bankr.P. 3007(d)(6).........................................................11

Fed. R. Bankr.P. 8013 .................................................................2

**Other Authorities**

N.Y. Executive Order No. 202.1....................................................8

# PRELIMINARY STATEMENT

Appellee Deborah J. Piazza as Chapter 11 trustee (the "Trustee") of the bankruptcy estate of Bronx Miracle Gospel Tabernacle Word Of Faith Ministries, Inc. a/k/a Bronx Miracle Gospel Tabernacle, Inc. (the "Debtor") respectfully submits this brief in opposition to this appeal (the "Appeal") by appellant Jeanette Y. Brown ("Appellant") from the February 3, 2021 order (the "Expungement Order") [ECF No. 192] of the United States Bankruptcy Court for the Southern District of New York, Honorable Stuart M. Bernstein (the "Court"), which, upon motion by the Trustee, expunged the Appellant's claims against the Debtor that were scheduled in the Debtor's original bankruptcy schedules and amended bankruptcy schedules filed with the Court.

The Court entered the Expungement Order on two independent grounds. First, neither the Debtor nor the Appellant produced any evidence in support of Appellant's scheduled claims after the Trustee's objections thereto. Second, the Appellant failed to provide the Trustee with the password to Debtor's gmail account, as ordered by the Court on multiple occasions. By withholding the gmail password (ignoring the Court's suggestions to file a privilege log), Appellant prevented the Trustee from accessing the Debtor's emails and attachments and evaluating the validity of various claims scheduled by the Debtor in its original and amended schedules.

As demonstrated below, the Court's Expungement Order should be affirmed on

both grounds, and the Appeal should be denied in its entirety.

## JURISDICTION

The Bankruptcy Court had jurisdiction under 28 U.S.C. § 157(b)(1) and (b)(2)(B). The District Court has jurisdiction under 28 U.S.C. §§ 158(a) and 1334.

## STANDARD OF APPELLATE REVIEW

On appeal from a bankruptcy court order disallowing a claim against the estate, the District Court accepts the bankruptcy court's findings of fact unless clearly erroneous, while reviewing the Bankruptcy Court's conclusions of law *de novo*. In re Ciena Cap. LLC, 440 B.R. 47, 51–52 (S.D.N.Y. 2010), citing Momentum Mtg. Corp. v. Employee Creditors Comm. (In re Momentum Mfg. Corp.), 25 F.3d 1132, 1136 (2d Cir.1994); see also Fed. R. Bankr.P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.").

The burden of demonstrating the bankruptcy court's findings of fact are clearly erroneous rests squarely on the shoulders of the appellant. Ciena Cap. LLC, 440 B.R. at 51; In re Eljay Jrs., Inc., 123 B.R. 961, 963 (S.D.N.Y.1991) ("Where appellant seeks review of a Bankruptcy Court's findings of fact on appeal, it carries the burden of proving that the findings are clearly erroneous.").

"In reviewing findings for clear error, [the appellate court is] not allowed to second-guess either the trial court's credibility assessments or its choice between permissible competing inferences. Even if the appellate court might have weighed the evidence differently, it may not overturn findings that are not clearly erroneous." Ceraso v. Motiva Enters., LLC, 326 F.3d 303, 316 (2d Cir.2003) (citing Anderson v. Bessemer City, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)); accord Ciena Cap. LLC, 440 B.R. at 51–52 (same).

## STATEMENT OF THE CASE

On July 28, 2019 (the "Petition Date"), the Debtor, a religious organization which operated a church in the Bronx, filed a voluntary bankruptcy case in the Court under Chapter 11 of title 11, United States Code (the "Bankruptcy Code"). For the first several months of the Chapter 11 case (prior to the appointment of the Trustee), the Debtor operated as a debtor in possession, collecting revenues (primarily tithings), managing its operations and paying certain expenses, as authorized by Bankruptcy Code sections 1107 and 1108. See 11 U.S.C. §§ 1107,1108.

During that time and at all times relevant to this Appeal, Rev. Dr. Keith Elijah Thompson ("Rev. Thompson") served as the Debtor's CEO and president, and the Appellant, known as Minister Brown, held the position of Secretary and Treasurer of the Debtor, and was the administrator who maintained the Debtor's books and records and possessed the Debtor's computer passwords.

The Debtor, as required under the Bankruptcy Code, filed schedules of assets and liabilities in the Court, signed by Rev. Thompson, including a schedule of unsecured liabilities ("Original Schedule E/F"), which included, *inter alia*, an alleged $27,000 nonpriority unsecured debt to the Appellant. No basis was stated on Debtor's Original Schedule E/F for that alleged debt or for various other liabilities scheduled as owed to other individuals who were members of the Debtor's Church. (The "Basis for the claim" section on the Original Schedule E/F was left blank).

The Trustee, in the proper exercise of her duty to object to any improper claims (see 11 U.S.C. §§ 1106(a)(1), 704(a)), objected to various claims scheduled by the Debtor including those of the Appellant and other members of the Debtor's Church. In response to Trustee's omnibus objection to numerous scheduled claims, the Debtor filed (almost a year and a half after the Petition Date) an amended schedule of liabilities ("Amended Schedule E/F"), signed by Rev. Thompson, which, *inter alia*, changed the amounts of the debts allegedly owed by the Debtor as of the Petition Date to various members of the Debtor's Church, increasing the alleged debt owed to the Appellant (from $27,000 to $195,200) and to Rev. Thompson (from $30,000 to $224,000), and adding $3 million of previously unscheduled debt allegedly owed by the Debtor as of the Petition Date to two entities owned by Rev. Thompson. The Amended Schedule E/F also stated a basis for each of the amended scheduled claims.

The alleged basis stated in Debtor's Amended Schedule E/F for the debt of

$195,200 allegedly owed as of the Petition Date by the Debtor to Appellant was 8 years of rental arrears and salary arrears. [ECF No. 154, at p. 4]. Thus, according to the Debtor's Amended Schedule E/F, as of the Petition Date, the Debtor owed Appellant salary and rent totaling $195,200, even though: (i) according to the Original Schedule E/F, which was presumably based on the Debtor's books and records maintained by the Appellant, the Debtor only owed the Appellant $27,000 as of the Petition Date; and (ii) during the months immediately after the Petition Date, the Appellant continued to cause the Debtor to pay Appellant compensation. [See operating reports docketed as ECF Nos. 87 – 92].

Neither the Debtor nor the Appellant nor Debtor's counsel Karamvir Dahiya, Esq., who filed an appearance on behalf of the Appellant and other church members, ever produced any evidence to support the Appellant's original $27,000 scheduled claim or the Appellant's $195,200 amended scheduled claim. Appellant failed to meet her evidentiary burden of demonstrating the validity of the Appellant's original scheduled claim and amended scheduled claim, and therefore, the Court's disallowance of those claims on that ground was proper.

Mr. Dahiya, although confirming the Appellant possessed the Debtor's gmail password that the Court had previously ordered the Appellant to produce, advised the Court and the Trustee for the first time at the December 8, 2020 hearing on the Trustee's omnibus claim objection, that Appellant was asserting religious/church

privileges to the gmail password, and also raised attorney client privilege. The Court clearly advised the Debtor and Appellant at that December 8, 2020 hearing that Appellant would need to provide the Debtor's gmail password, and clearly stated at the December 16, 2020 adjourned hearing that Appellant's scheduled claims would be expunged if she failed to produce the gmail password on or before January 19, 2021. Although the Court directed the Debtor at the December 8, 2020 and December 16, 2020 hearings to produce a privilege log for any emails the Debtor or Appellant deemed privileged, no privilege log was ever filed by the Debtor or the Appellant and no papers were ever filed in support of any church / religious privilege. The Appellant never produced the Debtor's gmail password, and therefore, the Court properly expunged Appellant's original and amended scheduled claims on this second independent ground.

## STATEMENT OF FACTS

The Debtor is a religious corporation organized pursuant to Article 10 of the Religious Corporations Law of the State of New York and a not for profit corporation exempt from taxation pursuant to section 501(c)(3) of the Internal Revenue Code.

On the Petition Date, July 28, 2019, the Debtor filed a voluntary chapter 11 petition in the Court.

The Debtor's primary asset as of the Petition Date was its real property known as and located at 2910 Barnes Avenue, Bronx, New York (Block 4550, Lot 10) (the

"Property"), situated on which was the Debtor's Church and a small, stand-alone garage.

On August 12, 2019, pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, the Debtor filed its Schedules of Assets and Liabilities (the "Schedules"), including its Original Schedule E/F stating its known unsecured creditors. Amongst the unsecured liabilities listed in Debtor's Original Schedule E/F was an unsecured liability to Appellant in the amount of $27,000 (the "Appellant's Original Scheduled Claim").

On January 8, 2020, on motion by the Debtor's secured creditor Newell Funding LLC ("Lender"), the Court entered an order [ECF No. 41] directing the United States Trustee to appoint a chapter 11 trustee.

The Bankruptcy Court determined appointment of a Chapter 11 trustee was warranted based on "cause" under Bankruptcy Code section 1104(a)(1), and also concluded appointment of a Chapter 11 trustee was "in the best interest of creditors" and appropriate under Bankruptcy Code section 1104(a)(2) due to, among other things, Debtor's long history of obstructionist tactics to delay and hinder Lender's rights as a mortgage lender, Debtor's failures to demonstrate any prospects to reorganize, and Debtor's noncompliance with its obligations as a debtor in possession.

On January 27, 2020, the Court entered an order [ECF No. 45] confirming the appointment of Deborah J. Piazza as the Chapter 11 Trustee.

Once the Bankruptcy Court directed the appointment of a Chapter 11 trustee and approved Ms. Piazza's appointment as the Trustee, the Debtor ceased to be a debtor in possession and, pursuant to Bankruptcy Code section 323(a), the Trustee became the representative of the estate. See 11 U.S.C. § 323.

On March 12, 2020, Governor Cuomo issued Executive Order No. 202.1 which, *inter alia*, directed that for the period March 12, 2020 through April 11, 2020:

> "Any place of business or public accommodation, and any gathering or event for which attendance is anticipated to be fewer than five hundred people, **shall operate at no greater than fifty percent occupancy, and no greater than fifty percent of seating capacity**, for thirty days effective on Friday, March 13, 2020, except that any theater seating five hundred or more attendees for a live performance located in a city of one million or more shall not hold any further performances after 5pm on March 12, 2020."

Executive Order No. 202.1 [emphasis added].

Beginning on or about March 16, 2020, the Debtor began its egregious conduct to obstruct the Trustee from marketing and selling the Property, despite the Trustee and Debtor's then counsel having advised the Debtor the Property was property of the bankruptcy estate which the Trustee had the right to sell upon Bankruptcy Court approval. The Trustee then decided, based on Debtor's flagrant obstructionism and the Trustee's need to comply with the Governor's Executive Order, to shut down the Property effective March 16, 2020. The Trustee advised Debtor's counsel of same on March 16, 2020.

On March 24, 2020, the Bankruptcy Court issued a written opinion [ECF No.

58] and entered an *Order Directing Surrender and Vacatur of Property* (the "Surrender Order") [ECF No. 59]. The Surrender Order, *inter alia*, directed the Debtor and its representatives to immediately surrender the Property to the Trustee free of any occupants, to deliver all keys to the Property to the Trustee's retained real estate broker, and authorized the Trustee to immediately cause the locks at the Property to be changed. The Trustee promptly changed the locks in accordance with the Surrender Order.

The Trustee's representatives properly took possession of the three computers, the files and certain other personalty that were located at the Property, all of which was property of the bankruptcy estate under Bankruptcy Code section 541(a).[1] See 11 U.S.C. § 1106(a)(3). There was very limited information in the Debtor's computers and files, and no logins or passwords.

On April 27, 2020, the Court entered its *Amended Order Pursuant To Bankruptcy Rule 2004 (I) Directing Debtor And Its Representatives To Produce Documents And Information Of The Debtor To The Trustee, And (II) Authorizing Trustee's Examination Of The Debtor Through Its Secretary And Treasurer Minister Jeanette Y. Brown* [ECF No. 68] (the "Rule 2004 Order"). The Rule 2004 Order

---

[1] Although the Appellant complains the Trustee took her personal computer, all three of the computers contained records of the Debtor and neither the Debtor nor the Appellant produced any evidence of Appellant's ownership of any of the three computers.

recited that the Court conducted a status hearing on April 14, 2020 at which the Trustee "advised the Court of the Debtor's and Debtor's representatives' failures to produce various documents and information requested by the Trustee." The Rule 2004 Order directed, pursuant to Bankruptcy Rule 2004 and Bankruptcy Code sections 521(a)(4) and 542(e), that the Debtor and its representatives, including but not limited to the Appellant, Rev. Thompson, and Deacon Bernel A. Richardson, produce and deliver to the Trustee certain documents including:

> "4. The log in and password information relating to any and all bank or financial accounts of the Debtor.
> 5. The log in and password information relating to any and all bank or financial accounts of any Affiliate of the Debtor.
> 6. The login and password information relating to any and all Quickbooks of the Debtor including but not limited to the Quickbooks software downloaded by Minister Jeanette Y. Brown in approximately January 2020 under email address bronxmiracle@gmail.com.
> 7. The login and password for the email address bronxmiracle@gmail.com."

ECF No. 68, Schedule A, ¶¶ 4-7.

On May 19, 2020, the Court entered an order [ECF No. 72] fixing June 29, 2020 (the "Bar Date") as the last date for filing proofs of claim in the Debtor's Chapter 11 case. The Appellant did not file any proofs of claim in the Debtor's Chapter 11 case.

In its Original Schedule E/F, the Debtor scheduled certain non-priority unsecured claims, 22 of which (the "Individual Scheduled Claims") were unsecured

claims of individuals who the Trustee believed were members of the Debtor's Church who had no valid claims against the Debtor. The 22 Individual Scheduled Claims included the Appellant's Original Scheduled Claim in the amount of $27,000 and a $30,000 nonpriority unsecured claim of Rev. Thompson.

The Debtor's Original Schedule E/F stated no basis for any of the Individual Scheduled Claims. For each of the Individual Scheduled Claims, the "Basis for the claim" section on Original Schedule E/F was left blank. Further, the investigation of the Debtor's financial affairs conducted by the Trustee, her counsel and her financial advisor yielded no evidence to support any of the Individual Scheduled Claims.

On October 16, 2020, the Trustee filed an application (the "Omnibus Application") for authorization, pursuant to Bankruptcy Rules 3007(c) and 3007(d)(6), to object to the Individual Scheduled Claims in an omnibus objection. The Omnibus Application was granted by order entered on October 28, 2020 (the "Omnibus Order"). [ECF No. 131].

On November 2, 2020, the Trustee filed the *Chapter 11 Trustee's Omnibus Objection to Scheduled Claims* [ECF No. 134] (the "Omnibus Objection"), which objected to the 22 Individual Scheduled Claims scheduled in the Debtor's Original Schedule E/F, including the Appellant's Original Scheduled Claim. The Trustee made the Omnibus Objection pursuant to Section 502 of the Bankruptcy Code and the

Omnibus Order.[2]

The Omnibus Objection stated "failure of any holder of an Individual Scheduled Claim to file a written response or appear at the hearing on this Objection may result in the Court entering an order expunging the holder's Individual Scheduled Claim." (Omnibus Objection, ¶ 25).

On December 1, 2020, the Debtor filed opposition to the Trustee's Omnibus Objection. [ECF Nos. 157, 159]. Appellant also filed opposition to the Trustee's Omnibus Objection [ECF No. 155], but did not include evidence of any debt owed by Debtor to Appellant, and did not even state the Debtor owed her any debt.

In response to the Trustee's Omnibus Objection, the Debtor, on December 1, 2020 (almost a year and a half after the Petition Date), also filed an Amended Schedule E/F [ECF No. 154], signed by Rev. Thompson. The Amended Schedule E/F manipulated the scheduled claims for the benefit of Rev. Thompson, his entities and the Appellant, to the prejudice of the other nonpriority unsecured creditors in this case. The Amended Schedule E/F indicated the Appellant had a $224,000 nonpriority unsecured claim as of the Petition Date (the "Appellant's Amended Scheduled Claim"), stating the basis of such claim as:

"Ms. Brown package an admin sec. since 2012: $1,500 for rent and $600

_____

[2]  The Trustee properly served notice of the Omnibus Objection, together with a copy of the Omnibus Objection, on, *inter alia*, the Debtor's counsel and the holders of the Individual Scheduled Claims, including the Appellant.  [ECF No. 138].

a week salary. Rent paid only $1,200. 300x12=3600 x 8 = 28,800 rental arrears. Salary paid $200 a week balance $400 a week. 400x52=20,800 x 8 years=166,400 salary."

[ECF No. 154 at p. 4].

The Debtor filed its Amended Schedule E/F in bad faith, causing the non-insider creditors' general unsecured claims to be dwarfed by the insiders' claims.

On December 4, 2020, the Trustee filed her reply in support of the Omnibus Objection. [ECF No. 161]. The Trustee's reply demonstrated the Debtor's Amended Schedule E/F was filed in bad faith for the benefit of Debtor's insiders (including Appellant) and should be disallowed, that nothing in the Amended Schedule E/F established the validity of any of the Individual Scheduled Claims, and that the opposition to the Omnibus Objection should be overruled.

On December 7, 2020, Mr. Dahiya (who was Debtor's counsel at that time) filed a notice of appearance on behalf of certain members of Debtor's church including the Appellant. [ECF No. 164].

On December 8, 2020, the Court conducted an initial hearing on the Omnibus Objection. [The transcript of that hearing was docketed as ECF No. 178].

At the December 8, 2020 hearing, Mr. Dahiya advised the Court the Debtor needs access to the Debtor's computers and files to establish the validity of claims scheduled by the Debtor, including proof of loans made by certain creditors to the Debtor. (ECF No. 178, T. at 4.) The Court then asked whether Appellant had

provided the Debtor's passwords. The Trustee advised no passwords were provided and no documents were produced in response to the Court's Rule 2004 Order. [ECF No. 178 T. at 4–5.] The Trustee's financial advisor responded:

> "We did not have ability to access email.
> We never did receive the password for that. But the QuickBooks
> were just started, so there was very little information. We
> had to reconstruct books and records. There was very little
> information on all three computers."

ECF 178, T. at 10:1-5.

The Court then asked Mr. Dahiya who has the password for the Debtor's emails, and the following colloquoy took place:

> MR. DAHIYA: I would not know. I would not -- I
> think, probably, Ms. Brown was the main person handling. She
> should have the information, Your Honor.
>
> THE COURT: See, one of the problems I'm having, that
> I had with this case –
>
> MR. DAHIYA: Yes, Your Honor.
>
> THE COURT: -- is you want access to information that
> the trustee has been unable to get, because now your client,
> Ms. Brown, has not disclosed the passwords. That doesn't sound
> very fair, does it?
>
> MR. DAHIYA: Yes and no, Your Honor. Both sides.
> And I can understand. Now, you will definitely be upset with
> me about bringing this issue. There's certain privileges to a
> debtor which is a religious corporation. And there's several
> other issues. I am -- I'm not a very, very religious person
> myself, but I can feel the pain of these people.

ECF No. 178, T. at 10:8-23.

At the December 8, 2020 hearing, Mr. Dahiya confirmed Appellant possessed the Debtor's passwords [ECF No. 178, T. at 13:14-18]. The Court pointed out it had previously ordered Appellant to provide the Trustee with the Debtor's passwords [ECF No. 178, T. at 13:21 – 14:15, 56:1 – 6], and made it clear that without Appellant providing the password for the emails, neither the Trustee nor the Debtor will have access to the emails to determine whether there is evidence supporting the scheduled claims. [ECF No. 178, T. at 56:1 – 19].

In response to Debtor's request for access to the Debtor's files and computers, the Court, at the December 8, 2020 hearing, again directed Appellant to provide the Debtor's email password to the Trustee, and further admonished that the Court is not "going to allow the debtor or anybody else to use those emails if the trustee doesn't have access to them. And I'm being told that Reverend Thompson and Minister Brown do have access to them." [ECF No. 178, T. at 60:1-4.]

The Court also directed the Trustee to provide the Debtor with a copy of the entire contents of the Debtor's computers [ECF No. 178, T. at 61:5-15], and for the Debtor to review the Debtor's paper files at the office of the Trustee's counsel on December 18,2021. [ECF No. 178, T. at 65-66.]

Toward the end of the December 8, 2020 hearing, Debtor's counsel again raised the issue of religious/church privileges and other privileges. The Court stated:

Now, with respect to church privileges, I'm not familiar with

> it, I have to tell you. But, normally, a corporation doesn't
> have a privilege with respect to the documents that it's
> created. Particularly, these sound like business-related
> documents. So you're going to have to brief that issue if you
> want me to recognize a privilege.

ECF No. 178, T. at 69:7-12.

The Debtor also raised attorney client privilege and the Court advised the

Debtor's counsel he would have to file a privilege log. [ECF No. 178, T. at 74:22].

The Court also directed Debtor's email password to be provided on or before

December 16, 2020. [ECF No. 178, T. at 73:17-21.]

The hearing on the Omnibus Objection was adjourned to December 16, 2021.

The Debtor never filed a privilege log and the Appellant never turned over the

Debtor's email password.

On December 14, 2020, the Trustee filed *Chapter 11 Trustee's Supplemental*

*Objection to Insider Scheduled Claims* [ECF No. 167] (the "Supplemental

Objection"), which objected to Appellant's Amended Scheduled Claim, Rev.

Thompson's amended scheduled claim, and the newly scheduled claims of Rev.

Thompson's entities. As demonstrated in the Trustee's Supplemental Objection, the

Appellant's Amended Scheduled Claim asserted new allegations in the guise of

amendments, and thus, such amended claim may not relate back to the Appellant's

Original Scheduled Claim. [See ECF No. 167, ¶¶ 11 – 19]. See Midland

Cogeneration Venture L.P. v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 133-34

(2d Cir.2005) (a claimant may amend a timely claim after the bar date to correct defects of form, provide more detailed allegations of fact relating to the timely claim, or plead a new theory of recovery under the facts set forth in the timely claim, but may not, through the guise of an amendment, circumvent the bar date by asserting a new claim).

In accordance with the Court's instructions, the Trustee's representatives copied the contents of the Debtor's computers and provided it to the Debtor. In the course of copying the Debtor's computer files the Trustee first became aware of certain promissory notes given by the Debtor to certain non-insider Church members whose scheduled claims were objected to in the Trustee's Omnibus Objection. Accordingly, the Trustee decided not to proceed with her objections to the scheduled non-insider claims, and determined she would only pursue her objections to the scheduled claims / amended scheduled claims of the Appellant, Rev. Thompson and Rev. Thompson's entities.

At the December 16, 2020 hearing on the Omnibus Objection, the Court asked whether the Appellant provided the Debtor's email password to the Trustee. Mr. Dahiya, who was representing the Debtor, Appellant and other church members, responded in the negative, stating the Appellant had not provided the email password "Because she feels this is a church, very, very private, personal, her stuff that she doesn't feel - -" [ECF No. 189, T. at 17:15-17]. The Court reminded Mr. Dahiya he

would need to file a privilege log and stated "If you don't file a privilege log by the 19th, I'm going to direct you to turn those over. If she refuses, her claim is going to be stricken, without any further ado." [ECF No. 189, T. at 17:21-24; see also T. at 18:8-20:12.]. Mr. Dahiya confirmed his understanding of the January 19, 2021 deadline for a privilege log [ECF No. 189, T. at 20:13-14] and also informed the Court the Appellant was listening in at this telephonic hearing. [ECF No. 189, T. at 18:4-5.]

At the December 16, 2020 hearing, Trustee's counsel advised the Court the Trustee was withdrawing her objections to all scheduled claims other than those of the Appellant, Rev. Thompson and Rev. Thompson's entities.

On December 18, 2020, representatives of the Debtor came to the office of the Trustee's counsel and reviewed the Debtor's paper files. The Trustee's counsel permitted Debtor's representatives to make copies of all documents they wished to copy.

By Order entered on December 29, 2020 [ECF No. 177], the Court recited that the Trustee had withdrawn her objections to all claims objected to in the Omnibus Objection other than the scheduled claims of Rev. Thompson and the Appellant, and scheduled an adjourned hearing on the following claims to be held before the Court on January 27, 2021 at 10:00 a.m.:

1.      The $30,000 scheduled nonpriority unsecured claim of Rev. Thompson scheduled in Original Schedule E/F.
2.      The $224,000 scheduled nonpriority unsecured claim of Rev. Thompson scheduled in Amended Schedule E/F.

3.     The $27,000 scheduled nonpriority unsecured claim of Min. Brown scheduled in Original Schedule E/F.

4.     The $195,200 scheduled nonpriority unsecured claim of Min. Brown scheduled in Amended Schedule E/F.

5.     The $1,400,000 scheduled nonpriority unsecured claim of 829 Holding Corp. scheduled in Amended Schedule E/F.

6.     The $1,600,000 scheduled nonpriority unsecured claim of Kyesss Corp. scheduled in Amended Schedule E/F

On January 27, 2021, the Court held a hearing on the Trustee's Supplemental Objection, at which the Court disallowed Appellant's Original Scheduled Claim and Appellant's Amended Scheduled Claim (collectively, the "Appellant's Scheduled Claims"), as well as the original and amended scheduled claims of Rev. Thompson and the newly scheduled claims of Rev. Thompson's entities.

The Court expunged the Appellant's Scheduled Claims on two independent grounds: first, the Debtor and the Appellant failed to provide any evidence in support of Appellant's Scheduled Claims; and second, the Appellant failed to provide the Trustee with the password to Debtor's gmail account as ordered by the Court in its Rule 2004 order entered on April 17, 2020 [ECF No. 66] and its Amended Rule 2004 Order [ECF No. 68] and as directed by the Court at the December 8, 2020 hearing [ECF No. 178, T. at 59:9-11, 59:25-60:4]; and as directed at the December 16, 2020 hearing [ECF No. 189, T. at 17 - 18].

On February 3, 2021, the Court entered the Expungement Order.

On February 12, 2021, Appellant filed this Appeal of the Expungement Order.

# **ARGUMENT**

Bankruptcy Code section 502 provides, in relevant part, as follows:

> (a) A claim or interest, proof of which is filed under Section 501 of this title, is deemed allowed, unless a party in interest…objects.

> (b) …if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount…

11 U.S.C. § 502(a), (b).

Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, a party in interest may object to claims filed against a debtor's estate. The Trustee, as representative of the Debtor's estate, was a party in interest with standing to object to the Individual Scheduled Claims. See 11 U.S.C. § 323.

Bankruptcy Rule 3003(b)(1) provides:

> (b)    Schedule of Liabilities and List of Equity Security Holders.

> (1) Schedule of Liabilities. The schedule of liabilities filed pursuant to §521(l) of the Code shall constitute prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated. It shall not be necessary for a creditor or equity security holder to file a proof of claim or interest except as provided in subdivision (c)(2) of this rule.

Fed. R. Bankr. P. 3003(b)(1).

The Appellant's Original Scheduled Claim was not scheduled as disputed, contingent or unliquidated. Accordingly, pursuant to Bankruptcy Rule 3003(b)(1), the Appellant's Original Scheduled Claim had prima facie validity.

To overcome prima facie evidence of the validity and amount of a claim, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim. See Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (2d Cir. BAP 2000) (internal citations omitted); see also In re Vivaro Corp., 541 B.R. 144, 153–54 (Bankr. S.D.N.Y. 2015). By producing "evidence equal in force to the prima facie case," an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed." Creamer v. Motors Liquidation Co. GUC Tr. (In re Motors Liquidation Co.), No. 12 Civ. 6074(RJS), 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted); see also Vivaro Corp., 541 B.R. at 154.

If an objection refuting at least one of a claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. In re Residential Cap., LLC, No. 12-12020 (MG), 2014 WL 539688, at *2 (Bankr. S.D.N.Y. Feb. 6, 2014); In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009).

Bankruptcy Code section 502(b)(1) disallows any claim that is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). This provision is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context

is also available in bankruptcy. <u>Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.</u>, 549 U.S. 443, 450–51, 127 S. Ct. 1199, 1204–05, 167 L. Ed. 2d 178 (2007)(citing 4 Collier ¶ 502.03[2] [b], at 502–22 (explaining that § 502(b)(1) is generally understood to "make available to the trustee any defense" available to the debtor "under applicable nonbankruptcy law"—i.e., any defense that the debtor "could have interposed, absent bankruptcy, in a suit on the [same substantive] claim by the creditor")).

The Omnibus Objection stated the Individual Scheduled Claims should be expunged because: the Debtor's Original Schedule E/F stated no basis for any of the Individual Scheduled Claims; upon Trustee's information and belief, none exists; and the investigation of the Debtor's financial affairs conducted by the Trustee, her counsel and her financial advisor yielded no evidence of the validity of any of the Individual Scheduled Claims.

As demonstrated above, once the Trustee filed the Omnibus Objection, the Appellant had the burden to demonstrate the validity of the Appellant's Original Scheduled Claim. The Trustee also objected to the Appellant's Amended Scheduled Claim in her Supplemental Objection. The Appellant's Amended Scheduled Claim did not relate back to the Appellant's Original Scheduled Claim because it asserted a new claim, as demonstrated in the Trustee's Supplemental Objection. Appellant never filed any document claiming she was owed any prepetition rent or salary and never

produced a shred of evidence that she had any prepetition claim against the Debtor.

The Court properly expunged the Appellant's Scheduled Claims because no evidence of the validity either of those claims was ever filed with the Court. Appellant failed to meet her evidentiary burden of demonstrating the validity of Appellant's Scheduled Claims. The Appellant's Scheduled Claims were properly disallowed on this basis alone. <u>See</u> <u>Ciena Cap, LLC</u>, 440 B.R. at 52-53 (affirming bankruptcy court order disallowing proof of claim).

The Court also properly expunged the Appellant's Scheduled Claims based on Appellant's failure to obey the Court's orders to provide the password which would enable the Trustee to access the Debtor's gmail account and determine whether there was support for scheduled claims the Trustee objected to. The Debtor and the Appellant never filed a privilege log and never filed any brief or other document asserting a religious / church privilege.

The Appellant erroneously contends the disallowance of Appellant's Scheduled Claims denied her due process, violated her First Amendment rights and restricted "Religious Rights as guaranteed under the Religious Freedom Act." (Appellant's Brief, p.2.). These arguments are meritless and, in any event, have no bearing on the

propriety of the Expungement Order.[3] Moreover, the Appellant could have asserted any privileges in a privilege log, but failed to do so.

## **CONCLUSION**

Based on the foregoing, this Appeal should be denied in its entirety.

Dated: New York, New York
      January 13, 2022

**TARTER KRINSKY & DROGIN LLP**
Attorneys for Appellee Deborah J. Piazza,
as Chapter 11 Trustee


By: /s/ Jill Makower
    Scott S. Markowitz, Esq.
    Jill Makower, Esq.
    1350 Broadway, 11th Floor
    New York, New York 10018
    Phone: (212) 216-8000
    Fax: (212) 216-8001
    smarkowitz@tarterkrinsky.com
    jmakower@tarterkrinsky.com

---

[3] As this Court may recall, the Debtor and members of the Debtor's Church, in September 2020, filed an *Emergency Petition For Writ of Prohibition And Mandamus*, dated September 10, 2020 and emergency motion for injunctive relief to enjoin the Trustee's closing on the Bankruptcy Court's approved bankruptcy sale of Debtor's Property which this Court denied. This Court's September 11, 2020 order denying such relief was appealed to the Second Circuit Court of Appeals and such appeal is pending with oral argument scheduled for February 9, 2022, Case No. 20-cv-3313 (2d. Cir.). The Second Circuit appeal raised religion-based issues which have no bearing on the instant Appeal.

## CERTIFICATE OF COMPLIANCE WITH FEDERAL
## RULE OF BANKRUPTCY PROCEDURE 8015(a)(7)(B)

This brief complies with the type-volume limitation of Rule 8015(a)(7)(B) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") because this brief contains 6,078 words.

This brief complies with typeface requirements of Bankruptcy Rule 8015(a)(5) and the type-style requirements of Bankruptcy Rule 8015(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2016, in 14-point Times New Roman font.

Dated: January 13, 2022

       /s/ Jill Makower
       Jill Makower